# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

JAMES ALBERT HODGE,

    Plaintiff,

v.                                                          Case No. 2:24-cv-02179-MSN-atc

QUIN WHITE and NEW ERA
TRANSPORT, LLC

    Defendants.

## ORDER OVERRULING OBJECTIONS AND
## ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Supplemental Report and Recommendation (ECF No. 12 "Report"), entered on May 23, 2025. The Report recommends that Plaintiff's Fair Labor Standards Act ("FLSA") claims be dismissed with prejudice for failure to state a claim and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, dismissing them without prejudice. (ECF No. 12.) Plaintiff had fourteen (14) days after being served to file objections. Fed. R. Civ. P. 72(b)(2). On June 10, 2025, Plaintiff filed objections to the Report.[1] (ECF No. 13.)

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989));

---

[1] The Court notes that Plaintiff's objections appear to have been filed outside the fourteen-day period. Nevertheless, the Court has considered the merits of the objections in full.

*see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute.").  Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## **DISCUSSION AND CONCLUSION**

The Court has reviewed Plaintiff's objections and finds they do not meet the standard for specific objections under Federal Rule of Civil Procedure 72(b). Plaintiff's objections largely restate arguments previously made and considered by the Magistrate Judge, focusing primarily on the degree of control Defendants allegedly exercised over Plaintiff's work. However, Plaintiff fails to identify specific legal errors in the Magistrate Judge's analysis.

To the extent Plaintiff's objections warrant substantive review, the Court finds no error in the Magistrate Judge's analysis. Federal law requires courts to apply the economic reality test to determine whether a worker is an independent contractor under the FLSA. *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 807(6th Cir. 2015). The relevant factors include (1) opportunity for profit or loss depending on managerial skill, (2) investments by the worker and the potential employer, (3) degree of permanence of the work relationship, (4) nature and degree of control, (5) extent to which the work performed is an integral part of the potential employer's business, and (6) skill and initiative, as well as (7) any additional factors that could be relevant to determining the FLSA status of the worker in relation to the defendant. Econ. Reality Test to Determine Econ. Dep., 29 C.F.R. § 795.110(b)(1)–(7) (Mar. 11, 2024).

Plaintiff argues that he should be considered an employee because Defendants exercised significant control over his work through their authority over the DOT number, MC number, IFTA, license plate, trailer, fuel card, and other operational aspects. (ECF No. 13 at PageID 88.) While these factors demonstrate some degree of control, the law requires courts to consider the totality of the circumstances, not just control alone. *Keller* 781 F.3d at 807. Here, other factors—including Plaintiff's financial risk, his responsibility for truck maintenance, ability to accept or reject loads, and the short-term nature of the agreement—more strongly indicate that Plaintiff was in business

for himself as an independent contractor rather than working as Defendants' employee. Moreover, Plaintiff himself acknowledges his independent contractor status, stating in his Amended Complaint that "the legal system is allowing to[o] many trucking companies to commit wage theft not just on employee[]s but on contractors as well." (ECF No. 10 at PageID 59.)

The Report thoroughly analyzed each factor and properly concluded that the totality of circumstances demonstrates an independent contractor relationship. (ECF No. 12 at PageID 78–84.) Accepting Plaintiff's allegations as true, the evidence shows: Plaintiff operated under a lease agreement with Defendants and Plaintiff bore responsibility for repairs and maintenance on the truck (ECF No. 10 at PageID 56); he could accept or reject loads and work with other companies (*Id*. at PageID 57; ECF No. 1 at PageID 3); the relationship lasted approximately four months October 10, 2023 to February 16, 2024 and was transactional in nature (ECF No. 10 at PageID 56); he was paid for completed deliveries with expenses deducted for fuel, trailer, insurance, and license plate (*Id.* at PageID 57); and his work required specialized trucking skills and licensing. While the control factor and whether the work was integral to Defendants' business may weigh in favor of employee status, these factors are outweighed by the others under the totality of circumstances analysis.

Because Plaintiff fails to establish an employee-employer relationship, he cannot state a claim under the FLSA. *See Hollis v. Dump Cable, Inc.*, No. 1:13-cv-01077-JDB-egb, 2014 WL 12526724, at *4 (W.D. Tenn. June 23, 2014). The Court further agrees that declining to exercise supplemental jurisdiction over Plaintiff's state-law claims is appropriate under 28 U.S.C. § 1367(c).

Accordingly, Plaintiff's objections are **OVERRULED**. The Court hereby **ADOPTS** the Supplemental Report and Recommendation (ECF No. 12) in its entirety. Plaintiff's FLSA claims

are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims, and those claims are **DISMISSED WITHOUT PREJUDICE**.

      **IT IS SO ORDERED**, this 11th day of July, 2025.

                                         *s/ Mark S. Norris*
                                         MARK S. NORRIS
                                         UNITED STATES DISTRICT JUDGE